# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

CHARLES BUCKLEY,

    Plaintiff,

v.

BROWN PLASTICS MACHINERY L.L.C.
and PLASTICS MACHINERY L.P.,

    Defendants.

_____/

CASE NO. 05-CV-10159-BC

DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE CHARLES BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PENINSULA FUND'S MOTION TO QUASH WRITS OF GARNISHMENT AND OBJECTIONS TO WRITS OF GARNISHMENT
(Dkt. 26)
## AND COMERICA BANKS' OBJECTIONS TO REQUEST AND WRIT OF GARNISHMENT
(Dkts. 20-24)

**I.     RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the objections to the writs of garnishment be **SUSTAINED,** and that the motion to quash writs of garnishment be **GRANTED**.

**II.    REPORT**

    **A.     Introduction and Facts**

Pending, pursuant to Orders of Reference from United States District Judge David Lawson (Dkts. 43 & 54[1]), are a motion to quash writs of garnishment and objections to writs of

---

[1] This latter Order of Reference was made under 28 U.S.C. §636 (b)(3). This provision states: "A magistrate judge may be assigned such additional duties as are not inconsistent with the constitution and laws of the United States." Although this statute does not explicitly direct the manner in which a magistrate judge

garnishment filed by the Peninsula Fund Limited Partnership (hereafter "Peninsula Fund") (Dkt. 26), and a series of objections to requests and writs of garnishment filed by Comerica Bank (Dkts. 20-24).  Plaintiff filed responses opposing both the motion to quash and the objections.  (Dkt. 59 & 60.)  Oral argument was heard on October 27, 2005, and the parties were accorded additional time for the filing of supplemental pleadings.  Peninsula Fund timely filed a supplemental brief. (Dkt. 65.)  Subsequent to oral argument, in order to preserve the status quo, an order imposing stay was issued on October 28, 2005.[2]  (Dkt. 61.)  Upon review, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), these matters are ready for Report and Recommendation.

On December 30, 1998, the Peninsula Fund entered into a Note Purchase and a Guaranty Agreement with Brown Plastics Machinery, LLC (hereafter Brown Plastics).  (Mot., Dkt. 26, Exs. C & D.)  The same day, Brown Plastics and Plastics Machinery, LP (hereafter Plastics Machinery) granted the Peninsula Fund a lien on all their assets to secure the Note Purchase and Guaranty Agreement.  (*Id.*, Ex. E.)

Seeking to perfect its security interest, Peninsula Fund filed with the Commonwealth of Massachusetts UCC financing statements with regard to this indebtedness on January 14, 1999. On December 11, 2003, the Peninsula Fund filed UCC financing statements in the state of Delaware in lieu of filing continuation statements with the Commonwealth of Massachusetts. (*Id.*, Ex. F.)

On May 9, 2005, after a jury trial, Plaintiff Buckley obtained a judgment of $823,593.60 plus interest against Brown Plastics, Plastics Machinery, and an entity known as Plastics

---

should proceed in a case such as this, I conclude that the most appropriate procedure is the issuance of a Report and Recommendation.  *See* United States v. Tyson, 265 F. Supp. 2d 788 (E.D. Mich. 2003)*; Aetna Cas. Ins. & Sur. Co. v. Rodco Autobody*, 965 F. Supp. 104 (D. Mass. 1996); *Hearst/ABC-Viacom Entm't Servs. v. Goodway Mktg., Inc.*, 815 F. Supp. 145 (E.D. Pa. 1993).

[2]Objections to this order are presently pending before Judge Lawson.  (Dkt. 62.)

2

Machinery Management, Inc., in the United States District Court for the District of Rhode Island. (Dkt. 26, Ex. A.) Six weeks later, Plaintiff initiated the instant litigation by registering the Rhode Island judgment with this Court. (*Id.*, Ex. B.) Thereafter, Plaintiff filed writs of garnishment against a number of entities. (Dkts. 3-13.) The earlier described objections and the instant motion followed.

### B. Arguments of the Parties

Peninsula Fund and Comerica Bank both argue that their interests are of higher priority than those secured by Plaintiff through the judgment. In its motion, Peninsula Fund argues that allowing Plaintiff's garnishments to proceed would have the effect of allowing Plaintiff to illegally convert Peninsula Fund's collateral to his own use. Comerica Bank asserts that by virtue of a subordination agreement, it's right to repayment of an indebtedness, which at oral argument was represented to be approximately 2.3 million dollars, is senior to both Peninsula Fund and Plaintiff.

Counsel for Buckley concedes that Comerica Bank and Peninsula Fund liens have priority over Buckley's judgment creditor status. In fact, at oral argument, counsel for Buckley stated that there was no debate on this issue. Rather, Buckley argues that Comerica Bank and Peninsula Fund cannot use their senior lien holder status as a "shield" to prevent junior lien holders from exercising their rights. Citing *Frierson v. United Farm Agency, Inc.*, 868 F.2d 302 (8th Cir. 1989), counsel for Buckley asserts what at oral argument was characterized as a request for the application of an equitable remedy. Buckley maintains that if other lenders are asserting a superior lien, they must act consistent with their secured creditor status and exercise their rights against the collateral.

Comerica Bank and Peninsula Fund respond that the very fact of filing objections to the garnishments, along with the instant motion, evidences their assertion of superior secured creditor status. In addition, at oral argument, counsel for Comerica Bank pointed out that while Brown

3

Plastics has been in default for some time, the income generated from Brown Plastics' operations has been gradually paying down the debt. Comerica Bank further asserted that it had determined that the best chance for recovering its indebtedness was through allowing Brown Plastics to maximize its value by "operating itself" out of its indebtedness; and that by remaining in operation, it would most likely be able to find a buyer for all the encumbered assets. Comerica Bank and Peninsula Fund further assert that a junior creditor under Michigan law does not have the right to dictate how senior creditors exercise their rights to recover the indebtedness. In addition, at oral argument, Comerica Bank pointed out that the collateral of Brown Plastics and its subsidiaries is pledged to Comerica Bank. Comerica Bank also maintains that it was never actually served with the garnishments at issue. As an aside, counsel for Comerica Bank noted at oral argument that it only discovered the existence of the garnishments through its access to the court's electronic filing system.

### C. Law and Analysis

In Michigan, a prior perfected security interest has priority over subsequent lien creditors. *Michigan Tractor and Machinery Co. v. Elsey*, 216 Mich. App. 94, 97, 549 N.W. 2d 27 (1996); *PDM Bridge v. WWA Contracting, Inc.*, No. 239762, 2003 WL 22956391 (Mich. App. Dec. 16, 2003). There is, therefore, I suggest, no question in this case that Peninsula Fund and Comerica Bank are first in time, and thus, first in right, having perfected and continued their security interests years before the entry of the Buckley's Rhode Island judgment.

*Earl Dubey & Sons, Inc. v. Macomb Contracting Corp.*, 97 Mich. App. 553, 296 N.W. 2d 582 (1980), cited by Peninsula Fund, is analogous and instructive. In that case, defendant served a writ of garnishment upon the state of Michigan. The state owed Macomb Contracting approximately $110,000.00 at the time. However, four months earlier, Western Bank had filed a

financing statement evidencing a security interest in "all property and assets" of Macomb Contracting. Reversing the state circuit court, the Michigan Court of Appeals held that Western Bank was entitled to the funds sought to be garnished because under Michigan law, "another creditor who subsequently perfects an interest in the same collateral takes that security subject to the interest of the first security party." *Id*. at 566. The court explicitly held that the plaintiff's interest in the Macomb Contacting funds was "second in time and right to that of Western Bank[.]" *Id*. at 567. The court also concluded that "to deprive Western [Bank] of its priority status would contravene the express provisions and purpose of the uniform commercial code." *Id*. at 566-67.

I therefore suggest that under Michigan law, a junior creditor does not have the right to dictate how a senior creditor exercises its rights to recover the indebtedness at issue between them. Therefore, I suggest that there is merit to Peninsula Fund's argument that Buckley's garnishments evidence attempts to impermissibly "cut to the head of the long line" of secured creditors. *Ninowski Wood v. McConnell Mfrs. Representatives, Inc.*, No. 227850, 2002 WL 867133 (Mich. App. April 26, 2002). As a result, I therefore suggest that under these principles, Peninsula's motion to quash should be granted and the objections made by Comerica Bank be sustained.

Plaintiff's citation to *Frierson* is, I suggest, unavailing. I am unable to find any Michigan law embodying the equitable principles found in Missouri law by the Eighth Circuit in *Frierson*. In addition, in its supplemental brief, Peninsula Fund persuasively distinguishes *Frierson*. More importantly, in contrast to *Frierson*, I suggest that the facts of this case make it abundantly clear that both Comerica Bank and Peninsula Fund have been and are vigorously asserting their rights of repayment on the indebtedness at issue.

As an aside, I note that the garnishments made by Plaintiff of accounts held by Comerica Bank may in fact be of no effect whatsoever. In Michigan, a garnishor's right to contested funds

5

attaches on the date of service of the garnishment. *Dubey*, *supra* at 558; *see also Mary v. Lewis*, 399 Mich. 401, 249 N.W. 2d 102 (1976). At oral argument, counsel for Comerica Bank maintained that it has never actually been served with these garnishments, stating that it only learned of them through access to this Court's electronic docketing system. Presuming these allegations are borne out, it would appear that Buckley has not under Michigan law thus far actually garnished the funds held by Comerica Bank.

**III.   REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

           s/ *Charles E Binder*
           CHARLES E. BINDER
Dated: December 8, 2005            United States Magistrate Judge

6

## **CERTIFICATION**

      I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on David M. Blau, Michael D. Boutell, Dawn R. Copley and Steven M. Ribiat, and served in the traditional manner on Brian R. Trumbauer and Honorable David M. Lawson.

Dated: December 8, 2005                          By    s/Mary E. Dobbick
                                                                 Secretary to Magistrate Judge Binder